**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **FARRAH GILOT,** | § | |
| **Plaintiff,** | § | |
| **V.** | § | |
| | § | |
| **CASCADE CAPITAL FUNDING LLC,** | § | **A-26-CV-308-RP-ML** |
| **COMAL EMERG PHYSICIANS, and** | § | |
| **ABILITY RECOVERY SERIVCE LLC,** | § | |
| **Defendants.** | § | |
| | § | |

**ORDER ON *IN FORMA PAUPERIS* STATUS AND
REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS**

TO THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the court is Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 2). Because Plaintiff is requesting permission to proceed *in forma pauperis*, this court must review and make a recommendation on the merits of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e).

**I.    REQUEST TO PROCEED *IN FORMA PAUPERIS***

The court has reviewed Plaintiff's financial affidavit and determined Plaintiff is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the court hereby **GRANTS** Plaintiff's request for *in forma pauperis* status. The Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination the action should be

1

dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised, although Plaintiff has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this court has made a § 1915(e) review of the claims made in this complaint and is recommending Plaintiff's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon Defendant should be withheld pending the District Judge's review of the recommendations made in this Report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendant.

## II.        REVIEW OF THE MERITS OF THE CLAIM

### A.        Factual Background

Plaintiff Farrah Gilot is a citizen of New York and states:

> got an ambulance in San Marcos provide them with card they put incorrect gave them my workers info and my info a year in a half no call and now reporting to credit bureau libel and negligence[.]

Dkt. 1 at 3.

### B.        Standard of Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the court is required by statute to review the Complaint.  Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  A complaint is frivolous, if it "lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325, (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.  A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28.

*Pro se* complaints are liberally construed in favor of the plaintiff.  *Haines v. Kerner*, 404 U.S. 519, 20–21 (1972).  However, *pro se* status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

**C.    Discussion**

There are four essential elements to a claim for negligence under Texas law: (1) the existence of a duty owed by defendant to plaintiff; (2) breach of that duty; (3) proximate cause of plaintiff's damages by defendant's breach; and (4) damages. *Rodriguez-Escobar v. Goss*, 392 S.W.3d 109, 113 (Tex. 2013). Plaintiff's claim against Defendants fails because Plaintiff has not described what duty Defendants owed to Plaintiff or how that duty was breached.

Libel is "defamation expressed in written or other graphic form" that causes one or more specified harms. TEX. CIV. PRAC. & REM. CODE § 73.001. To establish a claim for defamation, a plaintiff must show (1) the publication of a false statement of fact to a third party; (2) that was defamatory concerning the plaintiff; (3) made with the requisite degree of fault; and (4) damages, in some cases. *Pecan St. Owners Ass'n v. Mala Vida, LLC*, No. 03-25-00216-CV, 2025 WL 2981633, at *4 (Tex. App. Oct. 23, 2025) (citing *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015) (orig. proceeding)). Plaintiff does not distinguish between the three named Defendants and does not identify which acts any Defendant did that would support a claim for libel.

Accordingly, the undersigned will recommend Plaintiff's Complaint be dismissed.

### III.   ORDER AND RECOMMENDATIONS

The Magistrate Judge hereby **GRANTS** Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 2).   The Magistrate Judge **RECOMMENDS** the District Judge **DISMISS WITHOUT PREJUDICE** Plaintiff's cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B).

The referral of this case to the Magistrate Judge should now be **CANCELED**.

### IV.   WARNING

The parties may file objections to this Report and Recommendation.   A party filing objections must specifically identify those findings or recommendations to which objections are being made.   The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

SIGNED March 9, 2026.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE